IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02922-GPG

JAMES PHILLIP GURULE,

    Plaintiff/Applicant,

v.

CEO OR PRES. OF CMI INC.,
MIKE KOOP, V.P.,
CYNTHIA LOCKWOOD,
DANIEL HRUSKA,
ENRIQUE FERNANDEZ, AND
WALT CZAPRAN,

    Defendants.

ORDER OF DISMISSAL

    James Phillip Gurule is in the custody of the Colorado Department Corrections, and is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. He initiated this action on October 28, 2014, by filing a "Prisoner's Complaint and Demand for Jury Trial" (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  In the Complaint, Mr. Gurule asserts that his community corrections placement was revoked without due process of law, and that he was incarcerated to serve the remainder of his state criminal sentence, based on his alleged failure to comply with the Correctional Management, Inc.'s (CMI) Non-Residential Rules and Regulations.  He seeks monetary and injunctive relief against the Defendants for causing the revocation of his community corrections placement.

    On October 29, 2014, Magistrate Judge Boyd N. Boland reviewed Mr. Gurule's

filings and determinated that they were deficient.  Magistrate Judge Boland reminded Mr. Gurule that a civil rights action under 42 U.S.C. § 1983 challenges the conditions of a state prisoner's confinement, *see  McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997), while "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  (ECF No. 5).  *See also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (Petitions under § 2241 are used to attack the execution of a sentence). Magistrate Judge Boland thus advised Mr. Gurule that if he intended to challenge the execution of his state court sentence, he must assert his claims in a habeas corpus application pursuant to § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Magistrate Judge Boland also reminded Mr. Gurule in the October 29 Order that he is barred from seeking relief against the Defendants under § 1983 based on a claim challenging his current incarceration because he does not allege that the decision to revoke his community corrections placement and incarcerate him have been invalidated by the state courts or in a federal writ of habeas corpus, his civil rights claims are not ripe at this time.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

In the October 29 Order, Magistrate Judge Boland directed Mr. Gurule to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, within thirty days of the October 29 Order, if he intended to proceed in this action.  (ECF No. 5). Magistrate Judge Boland also instructed Mr. Gurule to pay the $5.00 filing fee, or file a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas

Corpus Action.  (*Id.*).  Mr. Gurule was further directed to obtain the court-approved forms to comply with the October 29 Order at www.cod.uscourts.gov, and to use those forms in curing the designated deficiencies.  (*Id.*).  Magistrate Judge Boland warned Mr. Gurule that failure to comply with the October 29 Order would result in dismissal of this action without further notice.

Mr. Gurule has now failed to comply with the October 29 Order and he has not communicated with the Court since he initiated this action on October 28, 2014.  Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, James Phillip Gurule, to comply with the October 29, 2014 Order Directing Plaintiff to Cure Deficiencies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gurule files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED December 9, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court